**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                                        CASE NO. 8:03-CR-152-T-30TBM

EDWARD HALLOCK,

    Defendant.
_____/

## O R D E R

Edward Hallock ("Hallock") filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 challenging his 2004 conviction and sentence (Dkt. 283). The Government filed a motion to dismiss the § 2255 motion asserting, *inter alia*, that Hallock procedurally defaulted his argument because he failed to establish any jurisdictional basis for his motion. The Court finds that although Hallock did not cite any statutory basis for the Court's jurisdiction over this matter, the motion is clearly identified as a "motion to vacate, set aside, or correct sentence by a person in federal custody" (Dkt. 283).

The Court heard oral argument on the § 2255 motion on August 19, 2005. For reasons set forth below, the Court finds that Hallock has not established that he is entitled to relief under § 2255.

**Standard of Review**

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose

such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

**Discussion**

Hallock was among six defendants indicted in a conspiracy to commit mail fraud involving sham not-for-profit organizations that solicited money from victim contributors under the pretext that the contributions would be used to assist police officers and their families, firefighters and their families, veterans and their families, substance abusers, and needy youths. In 2003, a jury found Hallock guilty of conspiracy to commit mail fraud and of eight counts of mail fraud (Dkt. 146). On January 29, 2004, Hallock was sentenced at the low end of the applicable sentencing guidelines range to serve 21 months' imprisonment, to be followed by 2-years' supervised release, on each count (Dkt. 204).

Hallock appealed his convictions and sentences challenging the sufficiency of the evidence on the mail fraud counts and on the conspiracy count; the admission of certain evidence as evidence intrinsic to the crime charged and as evidence showing the defendants' intent, plan, and knowledge; and the denial of his motion for new trial based on his claim of newly discovered evidence in the form of the legal definition of the term "professional solicitor." Hallock was allowed to remain on bond pending appeal (Dkt. 204 at 2). Hallock acknowledges that he did not did not raise a Sixth Amendment challenge to his sentence in his initial brief on appeal.

After the Supreme Court entered its decision in *Blakely v. Washington,* 542 U.S. 296 (2004), Hallock asserted for the first time in his reply brief a challenge to his sentence under *Blakely*. According to Hallock, when the Supreme Court issued its decision in *United States v. Booker*, he brought the decision to the appellate court's attention by filing a notice of supplemental authority. 543 U.S. __, 125 S.Ct. 738, 756 (Jan. 12, 2005) (finding that the mandatory nature of the federal sentencing guidelines renders them incompatible with the Sixth Amendment's guarantee to the right to a jury trial).

On April 15, 2005, the Eleventh Circuit affirmed this Court's judgment against Hallock in a published opinion. *United States v. Day*, 405 F.3d 1293 (11th Cir.), *petition for cert. filed*, (U.S. July 14, 2005) (No. 05-5321). Following the well-established rule that issues and contentions not timely raised in the initial brief are deemed waived or abandoned, *see United States v. Levy*, 379 F.3d 1241 (11th Cir. 2004) (holding that in the context of a *Blakely* claim, issues not raised in the appellant's initial brief are deemed waived on appeal), the Eleventh Circuit refused to address the *Blakely* issue because it was not presented in Hallock's initial brief. *See United States v. Day*, 405 F.3d at 1294 n.1. Hallock did not file a petition for a writ of certiorari.

Hallock's § 2255 motion is premised on the Supreme Court holdings in *Booker* and *Blakely*.[1] The gravamen of Hallock's claim is that he should be resentenced in light of *Booker*. Hallock contends that "the effect of *Booker* is to remove the mandatory minimum and maximum sentences provided by the applicable base offense level, . . . provid[ing] this Court with the option of sentencing [him] at any point permitted by the statute, namely 0-5

---

[1] Out of an abundance of caution, the Court explained during oral argument the "gatekeeping" mechanism for the consideration of "second or successive" applications for collateral relief in the federal courts, *see* 28 U.S.C. §§ 2244(b), 2255. Hallock acknowledged that he understood that any grounds he failed to set forth in the instant motion may be barred from review at a later date. Having been cautioned in this regard, Hallock confirmed that he wished to proceed.

years' imprisonment" (Dkt. 285 (unnumbered)). Hallock argues that "by sentencing [him] at the low end of the applicable Guideline range, this Court suggested that it may have sentenced [him] to a lesser sentence if . . . it had the discretion to do so" *Id.*

Seven circuits have held that *Booker* is not retroactively applicable to cases on collateral review. *See Varela v. United States*, 400 F.3d 864, 867 (11th Cir. 2005) (citing *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 2526-27 (2004)); *see also, e.g.*, *Padilla v. United States*, __ F.3d __, 2005 WL 1595291 at * 3 (5th Cir. 2005) (stating that *Booker*'s holding does not apply retroactively to cases on collateral review); *In re Olopade*, 403 F.3d 159, 162-64 (3rd Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 142-43 (2d Cir.), *petition for cert. filed*, (U.S. July 5, 2005) (No. 05-5187); *United States v. Price*, 400 F.3d 844, 845 (10th Cir.), *petition for cert. filed,* (U.S. May 31, 2005) (No. 04-10694); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *petition for cert. filed*, (U.S. May 17, 2005) (No. 05-5130); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005). In *Varela*, the Eleventh Circuit explained that *Booker's* constitutional rule is a "prototypical procedural rule" that "falls squarely under the category of new rules of criminal procedure that do not apply retroactively to section 2255 cases on collateral review" and is not a "'watershed rule[ ] of criminal procedure' to be applied retroactively." *Varela*, 400 F.3d at 867-68.

In his opposition to the Government's motion to dismiss and during oral argument, Hallock argues that the Eleventh Circuit's reliance in *Varela* on the *Schriro* decision is misplaced. The Court can only construe this argument as urging that it should conclude that the court of appeals was wrong. This Court cannot "ignore the hierarchy of the federal court system created by the Constitution and Congress." *See Hutto v. Davis*, 454 U.S. 370, 374 (1982). Simply put, in our judicial system, lower courts do not reverse higher ones.

*See In re Consolidated Motor Inns*, 632 F.2d 1178, 1181 (5th Cir. 1980).[2] *Varela* is the law of this circuit, and this Court must follow it unless en banc review by the Eleventh Circuit or a Supreme Court ruling directs otherwise. Hallock is making his argument to the wrong court.

**ACCORDINGLY**, the Court **ORDERS** that:

1. The Government's Motion to Dismiss Hallock's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 289) is **DENIED**.

2. Hallock's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 283) is **DENIED**. The **Clerk** shall enter judgment against Hallock and terminate any pending motions related Hallock's § 2255 motion.

**DONE** and **ORDERED** in Tampa, Florida on August 22, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished:
Counsel/Party of Record

SA:jsh

---

[2] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).